ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| OFICINA INDEPENDIENTE DE PROTECCIÓN AL CONSUMIDOR EN REPRESENTACIÓN DE GLADYS DEL RÍO SOTO<br><br>Parte Recurrida<br><br>v.<br><br>LUMA ENERGY, LLC / LUMA ENERGY SERVCO, LLC<br><br>Parte Recurrente | TA2026RA00027 | *REVISIÓN ADMINISTRATIVA* procedente de la Oficina Independiente de Protección al Consumidor<br><br>Caso Núm.: NEPR-QR-2025-0321<br><br>Sobre: Incumplimiento con la Ley de Transformación y Alivio Energético, Ley 57-2014, Según Enmendada, y la Ley de Política Pública Energética, Ley Núm. 17-2019 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece ante *nos*, Luma Energy, LLC y Luma Energy ServCo, LLC (en conjunto, Luma Energy o recurrente), mediante un recurso de revisión judicial y nos solicitan que revisemos la *Resolución Interlocutoria y Orden* emitida el 25 de noviembre de 2025 por el Negociado de Energía de Puerto Rico (Negociado de Energía). Mediante dicho dictamen, el foro administrativo declaró *No Ha Lugar* la solicitud de desestimación instada por Luma Energy y le ordenó presentar su alegación responsiva.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción por prematuro.

**I.**

Surge del expediente ante nuestra consideración que, el 2 de octubre de 2025, la Oficina Independiente de Protección al Consumidor, en representación de Gladys del Río Soto (querellante o recurrida) incoó una *Querella* ante el Negociado de Energía contra Luma Energy. En esta, solicitó que se realizaran las mejoras necesarias a la infraestructura eléctrica que le suplía servicio a la consumidora de forma que este estuviera en óptimas condiciones para asegurar su confiabilidad. Además, en la misma fecha, la parte querellante presentó una *Moción Notificando Querella a la Parte Querellada.* Allí, informó haber cumplido con el requisito de notificación de la querella y citación a LUMA Energy mediante correo electrónico conforme a la Sección 3.2(a) de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, (3 LPRA sec. 9601 *et seq.*) (LPAU).

Posteriormente, el 29 de octubre de 2025, la parte querellante presentó un escrito intitulado *Moción Informativa y Solicitud de Anotación de Rebeldía.* En este, expuso que la notificación de la querella se había efectuado conforme a derecho y que, habiendo transcurrido el término dispuesto de veinte (20) días para presentar alegación responsiva sin que Luma Energy compareciera, solicitaba la anotación de rebeldía a dicha parte.

Así las cosas, el 31 de octubre de 2025, el Negociado de Energía emitió una *Orden* mediante la cual le ordenó a Luma Energy presentar su alegación responsiva en un término de diez (10) días.

En atención a ello, el 13 de noviembre de 2025, Luma Energy presentó su *Moción en Cumplimiento de Orden y en Solicitud de Desestimación.* En esta, expuso que la Sección 3.05 del Reglamento Núm. 8543 de 18 de diciembre de 2014, conocido como el Reglamento de Procedimientos Adjudicativos, Avisos de Incumplimientos, Revisión de Tarifas e Investigaciones (Reglamento

Núm. 8543) disponía expresamente que la notificación de las querellas mediante las cuales se iniciaba un procedimiento adjudicativo ante el Negociado de Energía tenía que hacerse a través de correo certificado y que cualquier método alterno de notificación era uno inoficioso y contrario al debido proceso de ley. En ese sentido, alegó que la parte querellante incumplió con dicho requisito al realizar erróneamente la notificación a través de correo electrónico cuando ello no era reconocido en el Reglamento Núm. 8543, *supra.* Por tal razón, solicitó la desestimación de la querella instada en su contra.

Evaluada la controversia ante su consideración, el 25 de noviembre de 2025, el *Negociado de Energía* emitió la *Resolución Interlocutoria y Orden* aquí recurrida. Mediante dicho dictamen, el ente administrativo razonó que las enmiendas introducidas a la LPAU, *supra*, mediante la Ley Núm. 16 de 14 de mayo de 2025, permitieron que se realizara la presentación de documentos relacionados a querellas por correo electrónico o cualquier herramienta tecnológica de la agencia. A su vez, expuso que las disposiciones de la LPAU, *supra*, prevalecían sobre las disposiciones reglamentarias de una agencia que fueran contrarias a la referida ley. En virtud de ello, declaró *No Ha Lugar* la *Moción en Solicitud de Desestimación* instada por Luma Energy y, en consecuencia, le concedió un término de veinte (20) días para que presentara su alegación responsiva en cumplimiento con la Sección 4.02 del Reglamento Núm. 8543, *supra.*

En desacuerdo, el 3 de diciembre de 2025, Luma Energy presentó una *Moción en Solicitud de Reconsideración.* No obstante, el 29 de diciembre de 2025, el Negociado de Energía emitió una *Orden* denegando su solicitud de reconsideración y concediéndole nuevamente un término de veinte (20) días para presentar su alegación responsiva.

Inconforme aun, el 16 de enero de 2026, Luma Energy compareció ante *nos* mediante un *Recurso de Revisión Judicial* y le imputó la comisión del siguiente error:

> Erró el Negociado de Energía de Puerto Rico al dictar una Orden e instruirle a la Parte Recurrente a presentar su alegación responsiva a la Querella conforme al Reglamento Núm. 8543, en clara violación no solo a la Ley Núm. 16-2025, por no haberse perfeccionado su jurisdicción para atender el asunto, sino también en violación al debido proceso de ley sustantivo y procesal de LUMA.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Mun. Aguada v. W Const. y Recovery Finance,* 214 DPR 432, 448 (2024). Véase, además, *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las siguientes consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro

de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, págs. 372-373 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, supra, pág. 146; *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018). En consecuencia, la ausencia de jurisdicción es insubsanable. *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012); *SLG Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 683 (2011).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* supra, pág. 269. Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854, 860 (2010); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 96-97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, supra, pág. 859; *SLG*

*Szendrey-Ramos v. F. Castillo*, supra, pág. 882. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*. *Mun. Aguada v. W Const. y Recovery Finance,* supra, a la pág. 448 citando a *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).

De conformidad con lo anterior, se entiende que un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015); *Pérez v. C. R. Jiménez, Inc.,* 148 DPR 153, 153 (1999). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366- 367 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo. *Íd.*

Cónsono con esto, la Regla 83 de nuestro Reglamento, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025).

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse rigurosamente. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *García Ramis v. Serrallés,* 171 DPR 250, 253 (2007); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).

**B. Revisión Judicial**

El Art. 4.006 de la Ley Núm. 201-2003 conocida como la *Ley de la Judicatura de 2003*, dispone en su Art. 4.006, inciso (c), 4 LPRA sec. 24y, que este Tribunal de Apelaciones, mediante el recurso de **revisión judicial**, acogerá como cuestión de derecho, las **decisiones, órdenes y resoluciones <u>finales</u>** de organismos o agencias administrativas. (*Énfasis y subrayado nuestro*)

Por su parte, la Sec. 4.6 de la Ley Núm. 38-2017 conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9676, establece lo siguiente:

> **El Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas**. [...](*Énfasis y subrayado nuestro*)

Mientras, la Sec. 4.2 del precitado estatuto, 3 LPRA sec. 9672, expone que:

> Una parte adversamente afectada por una **orden o resolución final** de una agencia y que **haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación **oportuna de una moción de reconsideración**. [...] (*Énfasis nuestro*)

Finalmente, la Sec. 4.3 de la LPAU, 3 LPRA sec. 9673, establece que:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto

estrictamente de derecho y es innecesaria la pericia administrativa.

### III.

Según se desprende del tracto procesal del caso de autos, Luma Energy impugnó la *Resolución Interlocutoria y Orden* dictada el 25 de noviembre de 2025 por el Negociado de Energía. Mediante dicho dictamen, el ente administrativo denegó la *Moción en Solicitud de Desestimación* interpuesta por Luma Energy y le ordenó que presentara su alegación responsiva dentro del término de veinte (20) días. Ciertamente, dicha determinación no es una de carácter final; por lo cual, a todas luces es una determinación interlocutoria que forma parte del proceso administrativo que se ventila ante el Negociado de Energía.

Conforme a nuestro ordenamiento jurídico, solo están sujetas a revisión judicial las *Órdenes* o *Resoluciones* finales de las agencias.[1] Así, para que una *Orden* o *Resolución* sea final, esta debe resolver las controversias ante su consideración adjudicando los derechos u obligaciones de una o más personas específicas. En el presente recurso, tras un análisis de la *Resolución Interlocutoria* de la cual se recurre, se desprende claramente que la misma no cumple con este criterio. Esta, únicamente, dispuso sobre un asunto interlocutorio que, en forma alguna, resuelve la totalidad del caso.

Además, antes de acudir ante este foro revisor, Luma Energy debe cumplir con los dos (2) requisitos establecidos en nuestro sistema de derecho administrativo para poder solicitar la revisión judicial. Estos son: (1) que la *Orden* administrativa sea final y no interlocutoria; y (2) haber agotado los remedios provistos por la agencia. No obstante, advertimos que Luma Energy no cumple con ninguno de estos requisitos.

---

[1] Secs. 4.2 y 4.6 de la LPAU, *supra;* y la Regla 56 del Reglamento del Tribunal de Apelaciones*, supra.*

Ahora bien, en su recurso, Luma Energy arguye que, de no asumir jurisdicción este foro intermedio en esta etapa de los procedimientos, continuarían las inconsistencias en la agencia, así como la incertidumbre en el proceso adjudicativo ante el foro administrativo. Ello tras sostener que el mecanismo utilizado para notificarle la querella fue incorrecto y que el Negociado de Energía no adquirió jurisdicción sobre Luma Energy. Por tratarse de un planteamiento jurisdiccional, nos corresponde examinar si, en efecto, estamos ante un caso de clara falta de jurisdicción de la agencia que nos permita, vía excepción, revisar la determinación interlocutoria aquí recurrida.

Luego de un análisis detenido del recurso, así como del derecho aplicable, concluimos que no estamos ante una situación de clara falta de jurisdicción de la agencia que nos faculte a revocar el dictamen interlocutorio. Si bien la parte recurrente aduce que no existe disposición reglamentaria alguna que autorice la notificación electrónica de las querellas instadas ante el Negociado de Energía, la Sección 3.2-A de la LPAU, *supra*, estatuyó expresamente la presentación de querellas y otros documentos mediante correo electrónico una vez iniciado el procedimiento adjudicativo. Recordemos que las disposiciones de la LPAU, *supra*, prevalecerán sobre aquellas reglas de las agencias que sean contrarias a esta. *Vitas Health Care v. Hospicio La Fe et al.*, 190 DPR 56, 66 (2014). Así, las disposiciones de la LPAU, *supra*, desplazan y tienen predominio sobre toda regla de una agencia que sea contraria a estas. *Íd.*

En consecuencia, hasta tanto el Negociado de Energía emita una determinación final en el caso y Luma Energy agote todos los remedios administrativos a su disposición, la parte recurrente estará facultada para solicitar la revisión judicial de la resolución que en su día recaiga, junto con cualquier otro señalamiento de

error que entienda pertinente. Por todo lo anterior, determinamos que carecemos de jurisdicción para atender el recurso de epígrafe, debido a que la comparecencia ante este foro resulta prematura. En consecuencia, al tenor de las doctrinas jurisdiccionales aquí esbozadas, estamos obligados a declararnos sin jurisdicción y desestimar el recurso presentado.

**IV.**

Por los fundamentos antes expuestos, se *desestima* el *Recurso de Revisión Judicial* por ser uno prematuro. Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025).

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones